MAY, J.
 

 The plaintiff appeals the dismissal with prejudice of his second amended complaint for breach of contract. He argues the trial court erred in dismissing the second amended complaint with prejudice and without leave to amend. We disagree and affirm.
 

 In the second amended complaint, the plaintiff alleged that he had entered into an oral agreement with the defendant developer. The agreement called for the plaintiff to execute contracts for the purchase of real properties from the developer so that the developer could obtain construction loans for those properties. The plaintiff would tender a deposit to the developer, but that deposit would be returned with interest upon the actual sale of the properties to another buyer. The plaintiff would not be required to close on the properties.
 

 The developer moved to dismiss the second amended complaint because it alleged an illegal purpose. The trial court agreed and dismissed the complaint with prejudice. The plaintiff now appeals.
 

 We have
 
 de novo
 
 review of dismissal orders.
 
 Kreizinger v. Schlesinger,
 
 925 So.2d 431, 432 (Fla. 4th DCA 2006).
 

 We have reviewed the second amended complaint and are in accord with the trial court. “The courts of this state should be loathe [sic] to lend their support to or give approval to any obligation which has an unlawful transaction as its genesis.”
 
 Frye v. Taylor,
 
 263 So.2d 835, 840 (Fla. 4th DCA 1972). The second amended complaint here described a scheme to defraud lenders by providing fake contracts for the sale of property to influence lenders to
 
 *661
 
 loan money to the developer. Neither the trial court nor we will condone such fraud.
 

 Affirmed.
 

 HAZOURI and DAMOORGIAN, JJ., concur.